IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUTFI SHAFQ TALAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 3:03-00928 |
| | ) | JUDGE HAYNES |
| TENNESSEE DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff, Lutfi Shafq Talal, a state prisoner filed this pro se action under 42 U.S.C. § 1983 against several Defendants alleging violations of his rights under 42 U.S.C. §§ 1983 and 1988, and the First, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts Tennessee's common law claims against the individual Defendants who are sued in their individual and official capacities. In sum, Plaintiff alleges that the various Defendants subjected him to cruel and unusual punishment by smoking and/or by permitting inmates to smoke in designated non-smoking areas subjecting him to "environmental tobacco smoke." Further, Plaintiff alleges that the Defendants forced him to share cells with smoking inmates, despite his alleged health problems related to "environment tobacco smoke." Plaintiff also alleges that Defendants violated his right to freedom of speech and right to petition the government for a redress of grievances by forcing him into a cell with a smoking inmate after Plaintiff complained of the Defendants' lack of enforcement of the non-smoking policy.

The Defendant, Tim Hansche filed a motion for summary judgment or in the alternative motion to dismiss (Docket Entry No. 108), contending that Plaintiff failed to exhaust his administrative remedies as to him and has failed to state a claim as to this Defendant.

According to Hansche, Plaintiff's amended complaint fails to identify a dispute or claim involving him nor mention him by name or describe any specific act by him. Defendant Hansche states that he was a physician assistant at the time of the incidents at issue and provided medical care to inmates at the Turney Center Industrial ("TCI") Prison and was employed by a private company under contract with the State to provide medical services at TCI. (Docket Entry No. 111, Hansche Affidavit at ¶ 1). According to Hansche, he lacked any authority to make or alter prison smoking policy or to permit or prohibit inmates from smoking in any particular areas. Id. at ¶ 3. Hansche states that he lacked any authority over prison housing policy or to transfer or to assign inmates to a particular cell. Id. at ¶ 4.

According to Hansche, he issued the Plaintiff a "AVO" forms on March 17, 2003, March 19, 2004, and April 14, 2005 and each AVO stated "PLEASE ISSUE A NON-SMOKING CELL WHEN AVAILABLE." Id. at ¶ 7. Plaintiff later returned to the clinic and on July 28, 2005, at Plaintiff's request, Hansche issued another AVO stating "PLEASE ISSUE A NON-SMOKING CELL/NON-SMOKING MATE WHEN AVAILABLE."

According to Hansche, Plaintiff's complaint cites his various grievances and his supplemental documentation filed with the Court does not name Hansche. Plaintiff has not responded to Hansche's motion.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 White v. McDinnis, 131 F.3d 593, 595 (6th Cir. 1997). The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correction facility under such administrative remedies as are available are

2

exhausted" 42 U.S.C.A. § 1997(e)(a). Exhaustion is mandatory. Id.

To exhaust his administrative remedies under the PLRA, the prisoner must specifically name in the grievance each Defendants who is named in his civil action, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). Complete exhaustion of administrative remedies is a "requirement that a prisoner file a grievance against the person he ultimately seeks to sue . . ." Id. "The issues [Plaintiff] may raise, and the Defendants he may name in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance." Vandiver v. Martin, 48 Fed. Appx. 517, 519 2002 WL 31166925, * 2 (6th Cir. Sept. 27, 2002) (citation omitted).

Because Plaintiff's first amended complaint fails to specify that his claims against Defendant Hansche were exhausted in the administrative process, the Defendant Hansche's motion to dismiss (Docket Entry No. 108) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___6th___ day of November, 2006.

WILLIAM J. HAYNES, JR
United States District Court

3