IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LUFTI SHAFQ TALAL, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:03-0928 |
| | ) JUDGE HAYNES |
| GEORGE LITTLE, Commissioner, | ) |
| Tennessee Department of Correction, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Lufti Shafq Talal, a prisoner at Turney Center Industrial Prison ("TCIP") in Only, Tennessee, filed this action under 42 U.S.C. § 1983 against Defendants, who are employees and agents of the Tennessee Department of Correction ("TDOC"), asserting claims for violating his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff alleges that Defendants subjected him to cruel and unusual punishment by forcing him to be exposed to environmental tobacco smoke ("ETS"), by showing deliberate indifference to his allergy to ETS, and by retaliating against him when he filed complaints with the TCIP Grievance Board concerning his exposure to ETS.

In prior proceedings, the Court dismissed all of Plaintiff's claims (Docket Entry No. 4), and he appealed. The Sixth Circuit reversed in part, finding that Plaintiff had stated a claim of violation of his rights under the Eighth Amendment. Talal v. White, 403 F.3d 423 (6th Cir. 2003).

Before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12 for failure to

exhaust administrative remedies as to Defendants Gayle Ray, Jim Dickman, Jack Morgan, Wayne Brandon, Gregory Addington, Bruce Coates, Bryant Williams, Debbie Garner, Sandra Watkins, Denise Clark, Larry Harper, Mark Turney, David Jenkins, Linda Greer, Thomas Himes, William Peebles, Doris Halford, Derek Johnson, and William Wynn. (Docket Entry No. 125.) Defendants also move to dismiss for insufficient personal involvement as to Defendants Gayle Ray, Roland Colson, Jim Dickman, Jack Morgan, and Wayne Brandon. Id.

Plaintiff responds that he does not bear the burden of proving exhaustion, and that nevertheless he exhausted administrative remedies as to all Defendants. (Docket Entry No. 137.) Plaintiff also states that he has sufficiently alleged supervisor and official capacity liability under § 1983 as to Defendants Ray, Colson, Morgan, and Brandon to survive a motion to dismiss. Id.

At the outset, the Court notes that Plaintiff's Second Amended Complaint asserts no claims against Defendants Jim Dickman, David Jenkins, or Thomas Himes (Docket Entry No. 143), so Defendants' motion to dismiss is denied as moot as to those Defendants.

For the reasons set forth below, the Court concludes that Plaintiff has sufficiently alleged the personal involvement of Defendants Ray, Colson, Morgan, and Brandon. In addition, under Jones v. Bock, 127 S. Ct. 910 (2007), Defendants bear the burden of proving that Plaintiff failed to exhaust administrative remedies, a burden that Defendants have not carried in their motion to dismiss. The Court therefore concludes that Defendants' motion to dismiss should be denied in its entirety.

## A. Analysis of the Motion

According to the Second Amended Complaint, Plaintiff has a serious allergy to ETS, and because of his allergy, the TCIP medical staff has issued Limited Activity Notices ("LANs")

2

specifying that Plaintiff is to be housed in a non-smoking cell. (Docket Entry No. 143 at ¶ 7.) Plaintiff also states that pursuant to TDOC policy, TCIP established a non-smoking "pod" in the prison known as Unit 3, where Plaintiff is housed. Id. at ¶ 9. Despite his allergy, the LANs, and his placement in the non-smoking pod, Plaintiff states that TCIP officers and staff have nevertheless exposed him to ETS in a number of ways, causing him to suffer sinus problems, dizziness, nosebleeds, blackouts, and headaches. Id. at ¶¶ 11-84.

Plaintiff brought several grievances before the TCIP Grievance Board to address his exposure to ETS. (See Exhibits to Second Amended Complaint, Docket Entry Nos. 143-1 to -12.) In his grievances, Plaintiff claimed that his rights under the Eighth Amendment were violated when prison guards and officials allowed him to be exposed to ETS by smoking and allowing inmates to smoke near his cell and in designated non-smoking areas, assigning him cellmates who were smokers, refusing to assign him a non-smoking cellmate, refusing to move him to a non-smoking cell or an individual cell, and violating TCIP and TDOC policies regarding smoking. Id. Plaintiff also claimed that prison guards retaliated against him for filing grievances against them. Id. Despite Plaintiff's many grievances, Plaintiff states that "no effort was made by prison or correction officials to enforce the non-smoking policy at TCIP or to address Plaintiff's medical condition relating to the ETS to which he was exposed." (Docket Entry No. 143 at ¶ 75.)

In the Second Amended Complaint (Docket Entry No. 143), Plaintiff makes the following specific allegations concerning Defendants Ray, Colson, Morgan, and Brandon:

> 79. Defendants . . . then-Acting Commissioner Gayle Ray, . . . then-Acting Assistant Commissioner Roland Colson, former Warden of TCIP Wayne Brandon, [and] former Warden of TCIP Jack Morgan . . . knew or should have

3

known that smoking was occurring in non-smoking areas at TCIP by staff, officers, and inmates and that the TDOC's non-smoking policy was consistently not enforced at TCIP by the unit officers. Defendants knew or should have known that tobacco products were being sold to inmates in the non-smoking unit and that inmates who smoked were being assigned to the non-smoking unit and allowed to smoke inside their cells. Defendants have failed to enforce the non-smoking policy and, despite their notice of Plaintiff's medical condition and LANs, Defendants made no good faith attempt to prevent Plaintiff's exposure to a substantial risk of serious damage to his current and future health.

80. Defendants . . . Ray, . . . Colson, Brandon, [and] Morgan . . . implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct and have breached the duties imposed on them by state law and violated Plaintiff's constitutional rights.

Id. at ¶¶ 79-80. Plaintiff also alleged that Defendants Morgan and Brandon, acting as TCIP Wardens, and Colson, acting as Assistant Commissioner of Operations, approved the decisions of the TCIP Grievance Board that denied Plaintiff relief. Id. at ¶¶ 22, 25, 28, 36, 40, 43, 46, 47, 49, 50, 52, 53, 57, 58, 60, 63, 66, 73.

Defendants Gayle Ray, Jim Dickman, Jack Morgan, Wayne Brandon, Gregory Addington, Bruce Coates, Bryant Williams, Debbie Garner, Sandra Watkins, Denise Clark, Larry Harper, Mark Turney, David Jenkins, Linda Greer, Thomas Himes, William Peebles, Doris Halford, Derek Johnson, and William Wynn state that Plaintiff did not identify any of them by name in his grievances (Docket Entry No. 126 at 3), though Plaintiff did identify a number of individuals, either by name[1] or by their position.[2]

---

[1] Officers Marchen, Cogdill, Wynn, Wiley, and Moore are identified in Grievance No. 23639 (Docket Entry No. 143-2 at 3); Officer Blunkall is identified in Grievance No. 23756 (Docket Entry No. 143-3 at 3); Officer Schnepp is identified in multiple grievances (Docket Entry Nos. 143-4 at 3, -5 at 3, -8 at 3, -9 at 3, -12 at 2-3); Officer Singsen in identified in Grievance No. 24903 (Docket Entry No. 143-6 at 3); Officer Diamante is identified in Grievance Nos. 24982 and 25791 (Docket Entry Nos. 143-7 at 3, -12 at 6); Terry Hopper is identified in Grievance No. 25264 (Docket Entry No. 143-8 at 3); Unit Manager Peebles in identified in Grievance No. 25306 (Docket Entry No. 143-9 at 3); Officer Levli is identified in Grievance No.

4

## B. Conclusions of Law

The Court considers first Defendants' argument that Plaintiff's claims should be dismissed against the following Defendants for lack of personal involvement: former Acting Commissioner Gayle Ray, Assistant Commissioner of Operations Roland Colson, and former TCIP Wardens Jack Morgan and Wayne Brandon.

In prisoner complaints, institutional heads such as the commissioner, warden, and supervisors are often named as defendants. Except for official capacity actions against local officials, to state a claim against them, there must be some facts to show that such supervisory officers were involved in and/or had knowledge of the unlawful acts so as to ratify or acquiesce in them. In a word, a prisoner cannot sue a government official for damages solely upon his status as a supervisor or chief executive officer. "Section 1983 will not support a claim based on a respondeat superior theory of liability." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Rather, there must be a direct causal link between the supervisor's exercise of control and the alleged wrongful acts of the defendants. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). In order

---

25557 (Docket Entry No. 143-10 at 2); and Officers Alkire and Greg Addington are identified in Grievance No. 25791 (Docket Entry No. 143-12 at 6, 12).

[2] Grievance No. 23413 identifies the Unit 3 manager, the TCIP Warden, and "TCIP Commissary Administrative" (Docket Entry No. 143-1 at 3); Grievance No. 23639 identifies the Deputy Warden and the Unit 3 Manager (Docket Entry No. 143-2 at 4); Grievance No. 23756 identifies Unit 3 officers and the TCIP administration (Docket Entry No. 143-3 at 3); Grievance No. 24832 identifies officers in Unit 1 (where Plaintiff was previously housed), the officer responsible for issuing one-man cells, and "prison officials" (Docket Entry No. 143-5 at 3); Grievance Nos. 24903 and 25264 identify Unit 1 officers (Docket Entry No. 143-6 at 3); Grievance No. 24982 identifies officers who patrol Unit 1B (Docket Entry No. 143-7 at 3); Grievance No. 25691 identifies "officers assign[ed] to work Unit 1B Pod," officers who smoke in Unit 1B, and officers who fail to enforce non-smoking policies (Docket Entry No. 143-11 at 2-3); and Grievance No. 25791 identifies "unit team members and pod officers" (Docket Entry No. 143-12 at 3).

5

for a supervisor to be held liable, the plaintiff must allege that the supervisor condoned, encouraged, or participated in the alleged misconduct, or "that [the] supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate[s]." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); accord Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993); Birrell v. Brown, 867 F.2d 956, 959 (6th Cir. 1989). In addition, a supervisor will be held liable for "abandoning the specific duties of his position . . . in the face of actual knowledge of a breakdown in the proper working of the department." Taylor v. Mich. Dept. of Corr., 69 F.3d 76, 81 (6th Cir. 1995). Yet, "[a] combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." Henry v. Pogats, No. 93-2462, 1994 WL 462129 (6th Cir. 1994); accord Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988).

Supervisor defendants may also be held liable where past instances of unconstitutional conduct should have put the defendants on notice. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (finding supervisor liable where constitutional violations were not isolated and supervisor failed to punish those responsible); accord Weeks v. Chaboudy, 984 F.2d 185 (6th Cir. 1993); Brock v. Warren County, 713 F. Supp. 238, 242-43 (E.D. Tenn. 1989) (sheriff assessed $10,000 in punitive damages for failure to correct severely hot temperature after being informed by prisoners). The evidence, however, must be "strong proof of a pervasive pattern of indifference." Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1995).

Plaintiff alleges that Defendants Ray, Colson, Brandon, and Morgan failed to enforce TCIP and TDOC policies regarding smoking in the face of knowledge that these policies were

6

being violated and that the violations were harming Plaintiff. (Docket Entry No. 143 at ¶ 79.) Plaintiff's allegations concerning his exposure to ETS and concomitant illnesses, his numerous grievances, and the responses of prison officials suggest "a pervasive pattern of indifference" by Defendants Ray, Colson, Brandon, and Morgan, Sanderfer, 62 F.3d at 154, and establishes a direct causal link between their exercise of control and the alleged unconstitutional acts. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The Court also notes that in its opinion in this case, the Sixth Circuit stated, "The allegations made by Talal reflect not only knowledge but 'obduracy and wantonness' on the part of corrections officials." Talal v. White, 403 F.3d 423, 428 (6th Cir. 2005). Under these circumstances, the Court concludes that Defendants' motion to dismiss claims against Defendants Ray, Colson, Brandon, and Morgan for lack of personal involvement should be denied.

The Court next turns to Defendants' motion to dismiss for failure to exhaust administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") "requires prisoners to exhaust prison grievance procedures before filing suit." Jones v. Bock, 127 S. Ct. 910, 914 (2007). The statute provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Defendants contend that Plaintiff has failed to show that he has exhausted administrative remedies as to Defendants Gayle Ray, Jack Morgan, Wayne Brandon, Gregory Addington, Bruce Coates, Bryant Williams, Debbie Garner, Sandra Watkins, Denise Clark, Larry Harper, Mark Turney, Linda Greer, William Peebles, Doris Halford, Derek Johnson, and William

Wynn, as required under the PLRA. (Docket Entry No. 126 at 3.)

Defendants cite a Sixth Circuit case, Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005), for the proposition that Plaintiff bears the burden of proving exhaustion, but the Supreme Court explicitly rejected such a rule in Jones v. Bock, holding that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. at 921. It is therefore Defendants' burden to prove that Plaintiff failed to exhaust his administrative remedies.

To this end, Defendants state that Plaintiff failed to name each Defendant individually in his grievances. (Docket Entry No. 126 at 3.) In Jones, however, the Supreme Court noted that "nothing in the [PLRA] imposes a 'name all defendants' requirement," and that "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." 127 S. Ct. at 922-23. The Court stated:

> [T]o properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules"–rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

Jones, 127 S. Ct. at 922-23. The Court in Jones noted that the policies at issue in the case merely required prisoners to "be as specific as possible" in their grievances, but no policy explicitly required prisoners to name particular officials. The Court therefore found that a "rule imposing such a prerequisite to proper exhaustion [was] unwarranted." Id. at 923.

In this case, the TDOC policies provide the following instructions to prisoners: "The

8

Case 3:03-cv-00928   Document 147   Filed 07/03/08   Page 8 of 11 PageID #: 863

grievant shall describe the problem in detail, including the times, dates, names, etc., when appropriate." Tenn. Dept. of Corr., Handbook of TDOC Inmate Grievance Procedures 7, available at http://www.state.tn.us/correction/pdf/501-01.pdf. The Court notes that these instructions do not appear on the actual paperwork that prisoners must file, which merely has blanks labeled "DESCRIPTION OF PROBLEM" and "REQUESTED SOLUTION;" no instructions are provided on the form itself regarding the requisite level of detail. Tenn. Dept. of Corr., Inmate Grievance, available at http://www.state.tn.us/correction/pdf/501-01.pdf.

The Court concludes that while TDOC's grievance policies call for greater detail than the policies before the Supreme Court in Jones, they do not require a prisoner to identify every government official who may eventually be named as a defendant in a § 1983 case. The Court notes that the grievance process is intended to resolve prisoner complaints, not to provide notice to officials that they may be sued. Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he importance of using the prison grievance process [is] to alert prison officials to problems."); Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) (cited in Jones, 127 S. Ct. at 923) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." ); see also Jones, 127 S. Ct. at 923 ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subject to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."); Mynatt v. Tenn. Dept. of Corr., No. 1:06-0049, 2007 WL 2426431 at *3 (M.D. Tenn. June 18, 2007) (Bryant, J.) (finding that TDOC grievance

9

procedures do not require prisoners to name each defendant to satisfy the PLRA's exhaustion requirements).

The Court concludes that in order for Defendants to bear their burden of proving Plaintiff's failure to exhaust, they must do more than state that Plaintiff failed to identify each Defendant by name in his grievances. Defendants must show that Plaintiff's grievances did not comply with TDOC policy or did not alert TCIP officials to the nature of the problem of which he complained. Plaintiff's grievances identified many government officials by their office or responsibility – for example, "officers who . . . violate[] this policy and allow inmates to violate this policy, as well as officer[s] who . . . allow inmates to violate this policy" (Docket Entry No. 143-11 at 3) – rather than by name, and Defendants have not stated whether any of them fall outside of the categories of officials that Plaintiff identified.

In sum, the Court concludes that Defendants have not borne their burden on their motion to dismiss for failure to exhaust administrative remedies, and it is denied.

### C. Conclusion

Based on the foregoing analysis, the Court finds that Plaintiff no longer asserts claims against Defendants Jim Dickman, David Jenkins, and Thomas Himes, and the Defendants' motion to dismiss claims against them is **DENIED** as moot. The Court also finds that Plaintiff has sufficiently alleged the personal involvement of Defendants Ray, Morgan, Colson, and Brandon, and therefore Defendants' motion to dismiss claims against them for lack of personal involvement is **DENIED**. Finally, the Court finds that Defendants have not borne their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies as to Defendants Gayle Ray, Jack Morgan, Wayne Brandon, Gregory Addington, Bruce Coates, Bryant Williams,

10

Case 3:03-cv-00928   Document 147   Filed 07/03/08   Page 10 of 11 PageID #: 865

Debbie Garner, Sandra Watkins, Denise Clark, Larry Harper, Mark Turney, Linda Greer, William Peebles, Doris Halford, Derek Johnson, and William Wynn, and Defendants' motion to dismiss for failure to exhaust is therefore **DENIED**.

An appropriate Order is filed herewith.

**ENTERED** this the 2nd day of July, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge